### FLAGG CARR *vs.* NATIONAL SECURITY BANK.

The promise of a bank to one of its depositors to pay all checks which he may draw does not make it liable to an action of contract by the holder of a check afterwards drawn by him for part of the amount deposited.

CONTRACT by the payee against the drawees, on a bank check. The declaration alleged that the defendants were a banking corporation of deposit, discount and circulation, doing business in Boston, and the firm of Lincoln & Company on and before May 1868 " were customers of and depositors in said bank, and had been accustomed to deposit money in said bank, and draw their checks upon the same, and said bank, in consideration that said firm would so deposit funds in said bank, promised and agreed with said firm to pay all checks and drafts of said firm on said bank, when in funds of said firm to pay the same, and said bank had for a long time previous to May 1868 so paid said drafts and checks of said firm ; " that Lincoln & Company on May 2, 1868, in consideration of $600 paid to them by the plaintiff, drew their check upon the defendants for the sum of $600 payable to the plaintiff's order, and the plaintiff duly presented it to the defendants at their place of business, and demanded payment of it ; that " at the time of the presentment and demand the defendants were indebted to said firm, and said firm had funds in the bank, against and upon which they were entitled to draw the check, to a greater amount than $600 ; " but that the defendants refused to pay the check, and have never paid it or any part of it ; and that the plaintiff continues to be the holder of the check, and no part of it has ever been paid to him, and he has never been able to collect it, or any part of it, from Lincoln & Company. A copy of the check was annexed.

The defendants demurred, on the ground that no legal cause of action was stated, because the declaration did not set forth any agreement, express or implied, of the defendants with the plaintiff, to pay the check. The superior court sustained the demurrer, and ordered judgment for the defendants ; and the plaintiff appealed.

*J. G. Abbott,* (*T. F. Nutter* with him,) for the plaintiff. It is an open question in this Commonwealth, whether the holder of a check drawn on a bank can compel the bank to pay it to him by showing the bank has on deposit money of the drawer sufficient to pay it when demanded, and that the money was deposited upon an agreement of the bank with the depositor to pay it out upon his checks in such sums as he should thereby designate. This is a different question from that decided in *Bullard* v. *Randall,* 1 Gray, 605, and *Dana* v. *Third National Bank,* 13 Allen, 445.

The contract implied by law between a bank and its customer, and expressly alleged in this case and admitted by the demurrer, is that the bank will pay out the fund deposited to the holders of any checks drawn by the depositor, upon presentment. An action will lie against the bank in favor of the drawer of a check, for refusing, even by mistake, to pay it when demanded, if in funds. *Whitaker* v. *Bank of England,* 1 C., M. & R. 741. *Marzetti* v. *Williams,* 1 B. & Ad. 415. *Rolin* v. *Steward,* 14 C. B. 595. *In re Brown,* 2 Story, 502. *Harker* v. *Anderson,* 21 Wend. 372. *Little* v. *Phœnix Bank,* 2 Hill, 425.

It is also settled, that if one person puts money or other property into the hands of another, and in consideration thereof the receiver promises to pay money to a third person, the third person can maintain an action to recover the money so promised to be paid, although no promise has been made to him, and no privity proved to exist between himself and the promisor. *Arnold* v. *Lyman,* 17 Mass. 400. *Hall* v. *Marston,* Ib. 575. *Carnegie* v. *Morrison,* 2 Met. 381, 402. *Dutton* v. *Pool,* 1 T. Raym. 302. 22 Amer. Jur. 17. 2 Greenl. Ev. § 109. And this rule applies, although the promise is made to pay one to be designated at a future time by the person from whom the consideration moves ; that is, to his order. *Weston* v. *Barker,* 12 Johns. 276. *Fenner* v. *Meares,* 2 W. Bl. 1269.

These principles of the law, applied to the relation between the holder of a check and the bank on which it is drawn, when at the time of presentment for payment the bank is in funds of the drawer, render the bank liable to an action in favor of the holder.

The reason sometimes urged against liability of the bank to the holder of the check, that an assignment of anything less than the whole amount of a demand is not binding, even in equity, because no debtor is obliged to divide his liability and have more than one creditor, does not apply to the case at bar. The bank, by its contract, when it takes the deposit of its customer, agrees with him that he may assign the debt in as many portions as he pleases, and that it will not only respect and recognize such assignments, but will pay the assignees.

The bank is not thereby made liable to different persons for the same cause of action. If the depositor sues, it is not for the amount of the check, but for the whole amount of his deposit, or for breach of contract and injury of his pecuniary credit. But the drawee sues on the implied promise of the bank, for the amount of the check only.

The universal usage also existing among banks and their customers, by which every person who takes a check does so upon the ground that it will be paid by the bank if it has sufficient funds of the drawer to meet it at the time of its presentment, would be sufficient to establish the obligation of the bank to the holder of the check. Any different rule would be subversive of all the usages which regulate large transactions in commerce.

Whenever this question has been directly raised and passed upon, the liability of the bank to the holder of the check has been established. *Fogarties* v. *State Bank*, 12 Rich. 518. *Vanbibber* v. *Bank of Louisiana*, 14 Louisiana Annual, 481, 482. *Munn* v. *Burch*, 25 Ill. 35. *Chicago Insurance Co.* v. *Stanford*, 28 Ill. 168. *Harris* v. *Clark*, 3 Comst. 93, 120. *In re Brown*, 2 Story, 502, 519. *Roberts* v. *Corbin*, 26 Iowa, 315. *Ancona* v. *Marks*, 7 H. & N. 686. Byles on Bills (5th Am. ed.) 21, and notes. Morse on Banking, 469–474.

*P. E. Tucker*, for the defendants.

GRAY, J. It is a general rule of law, that upon a promise made by one person to another, for the benefit of a third from whom no consideration moves, the latter cannot sue ; and the exception to this rule, which holds a person, in whose hands funds have been placed to pay creditors of the depositor, liable to

actions by them, has not been extended, in this Commonwealth or in England, to a case in which neither such creditors nor the amounts of their debts are named or ascertained at the date of the promise. *Mellen* v. *Whipple,* 1 Gray, 317. *Dow* v. *Clark,* 7 Gray, 198. *Frost* v. *Gage,* 1 Allen, 262. *Fairlie* v. *Denton,* 8 B. & C. 395; *S. C.* 2 Man. & Ryl. 353. *Gerhard* v. *Bates,* 2 El. & Bl. 476. And by our law a promise to the drawer by the drawee of a negotiable draft or bill of exchange to accept and pay the same does not make the drawee liable to an action by a holder, unless he has taken the draft on the faith of such promise; but is a mere chose in action, upon which he only to whom it was made can sue. *Exchange Bank* v. *Rice,* 98 Mass. 288, and *ante,* 37. In the cases, mentioned at the argument, of general letters of credit and public offers of reward, the person who, by making an advance in the one case, or doing the acts specified in the offer in the other, accepts the proposition of the defendant, becomes himself the other party to the contract, and the one from whom the consideration moves.

The plaintiff in the present case does not allege that the defendants made any promise to him, or that he did anything upon the faith of their promise to the drawer, or even knew of that promise when he took the check sued on. The relation between the defendants and the drawer, as disclosed in the declaration, was simply the ordinary one of bankers and customer, which is a relation of debtor and creditor, not of agent and principal, or trustee and *cestui que trust.* The bankers agree with their customer to receive his deposits, to account with him for them, to repay them to him on demand, and to honor his checks to the amount for which they are accountable to him when the checks are presented; and for any breach of that agreement they are liable to an action by him. But the money deposited becomes the absolute property of the bankers, impressed with no trust, and which they may dispose of at their pleasure, subject only to their personal obligation to the depositor to pay an equivalent sum upon his demand or order. The right of the bankers to use the money for their own benefit is the very consideration for their promise to the depositor. They make no agreement with the

holders of his checks. A check drawn by him in common form, not designating any special fund out of which it is to be paid, nor corresponding to the whole amount due to him from the bankers at the time, is a mere contract between the drawer and the payee, on which, if payable to bearer, and not paid by the drawees, any holder might doubtless sue the drawer, (as suggested in *Ancona v. Marks*, 7 H. & N. 686, 696, cited for the plaintiff,) but which passes no title, legal or equitable, to the payee or holder, in the moneys previously paid to the bankers by the drawer; and the bankers' promise to the drawer to honor his checks does not render them, while still liable to account with him for the amount of any check as part of his general balance, liable to an action of contract by the holder also, unless they have made a direct promise to the latter, by accepting the check when presented, or otherwise. The view, thus briefly stated, is in accordance with the law as established in England, in New York and in Pennsylvania, with the opinions heretofore expressed by this court, and with the recent unanimous decision of the supreme court of the United States. *Foley* v. *Hill*, 1 Phil. Ch. 399, and 2 H. L. Cas. 28. Parke, B., in *Bellamy* v. *Marjoribanks*, 7 Exch. 389, 404. Addison on Con. (6th ed.) 810. *Chapman* v. *White*, 2 Selden, 412, 417. *Loyd* v. *McCaffrey*, 46 Penn. State, 410, 414. *Bullard* v. *Randall*, 1 Gray, 605. *Dana* v. *Third National Bank*, 13 Allen, 445. *Bank of the Republic* v. *Millard*, 10 Wallace, 152.

*Judgment for the defendants affirmed.*