## COMMONWEALTH *vs.* WORCESTER AND NASHUA RAILROAD COMPANY.

Middlesex. Jan. 15. — June 28, 1878. ENDICOTT & SOULE, JJ., absent.

The St. of 1874, *c.* 372, § 140, providing, under a penalty, that "no railroad corporation shall charge or receive for the transportation of freight to any station on its road a greater sum than is at the time charged or received for the transportation of the like class and quantity of freight from the same original point of departure to a station at a greater distance on its road in the same direction," applies to the transportation of freight by such a corporation as a common carrier over its own road, and not over other railroads, for which it charges and receives nothing, except as collecting agent of the corporations owning such other roads.

TORT. The declaration was as follows : " And the plaintiff says the defendant is a railroad corporation duly and legally created, established, chartered and organized under and by the laws of the said Commonwealth of Massachusetts, and, as such corporation, owns, manages, operates and uses a railroad extending from Worcester, in said Commonwealth of Massachusetts, to

Nashua, in the State of New Hampshire, and, as such railroad corporation, is a common carrier of passengers and freight over and upon its said railroad. And the plaintiff further says that the defendant, being such railroad corporation and common carrier of freight, on the twelfth day of May, in the year of our Lord one thousand eight hundred and seventy-five, did receive for transportation over and upon its said railroad a certain quantity of freight, to wit, one hundred barrels of flour, which had then and there been transported to said Worcester by other railroad corporations, from an original point of departure which is beyond said Worcester, to wit, from Terre Haute, in the State of Indiana, and which flour was then at said Worcester delivered to and received by said defendant for transportation over its said road to Pepperell, a station on said defendant's said road, in the same direction as Nashua aforesaid, another station on defendant's said road, and at a less distance from said Terre Haute, the original point of departure, as aforesaid, of said flour, on said defendant's said road, than said Nashua, said flour being so received to be delivered at said Pepperell to Moore, Ayer & Co., the consignees thereof: and the said defendant did then and there transport over and upon its said road said one hundred barrels of flour, so delivered and received as aforesaid, to said Pepperell, a station on its said road as aforesaid, to said consignees. And plaintiff further says that the defendant corporation then and there wilfully, knowingly, wrongfully and unlawfully did charge to and receive from said consignees, for the transportation of the said one hundred barrels of flour from the said Terre Haute to said Pepperell, the sum of eighty-five dollars, the same being then and there a greater sum, to wit, five dollars greater, than was then and there, at said time, charged and received by said defendant for the transportation of the like class and quantity of freight from the same original point of departure, to wit, from said Terre Haute to said Nashua, a station on the said road of the defendant, at a greater distance on defendant's said road from said original point of departure than said Pepperell and in the same direction.

"Wherefore, and by force of the statute in such case made and provided, the said defendant has forfeited and become liable to the plaintiff for the penalty by law in such case provided, to wit,

the sum of two hundred dollars, and an action hath accrued to the plaintiff to recover of said defendant the said sum of two hundred dollars."

The defendant filed an answer, containing a demurrer to the declaration. The case was submitted to the Superior Court upon the pleadings and certain agreed facts, which it is unnecessary now to state. If upon the pleadings and facts the plaintiff was entitled to recover, judgment was to be entered for the plaintiff for the penalty; otherwise, for the defendant.

The Superior Court ordered judgment for the defendant; and the Commonwealth appealed.

*W. C. Loring,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) for the Commonwealth.

*F. P. Goulding,* for the defendant.

GRAY, C. J. This action is brought to recover the penalty imposed by the St. of 1874, *c.* 372, § 141, for a violation of the first provision of § 140, which is as follows: " No railroad corporation shall charge or receive for the transportation of freight to any station on its road a greater sum than is at the time charged or received for the transportation of the like class and quantity of freight from the same original point of departure to a station at a greater distance on its road in the same direction."

The statute on which this action is brought, being a penal statute, is not to be extended by construction beyond the ordinary meaning of the words used. The leading words "no railroad corporation shall charge or receive for the transportation of freight," according to their ordinary meaning, look to the transportation of freight by the defendant railroad corporation as a common carrier over its own road, and not to transportation over other railroads, for which the defendant charges nothing, and receives nothing, except as collecting agent of the corporations owning those roads. This construction is rather confirmed than enlarged by the subsequent words, "to any station on its road," and "from the same original point of departure to a station at a greater distance on its road," and by the concluding clause which provides that, in the construction of this section, "the road of a corporation shall include all the road in use by such corporation, whether owned, or operated under a contract or lease."

The declaration states that the defendant's road extends from Worcester to Nashua; that the freight in question was transported by other railroad corporations to Worcester, and by the defendant only from Worcester to Pepperell; and does not show that the defendant charged or received a greater sum for transportation over its own road than the statute allows. The declaration does not therefore show a violation of the statute, and as, by the terms of the case stated, the plaintiff's right to recover is limited to the pleadings, the defendant is entitled to judgment. *Merrill* v. *Bullock*, 105 Mass. 486, 493.

Whether the facts agreed would sanction an action upon any other form of declaration, either under the first provision of § 140, or under the second provision thereof, which relates to two or more railroad corporations whose roads connect, is not before us.                                    *Judgment for the defendant*