## MANUFACTURERS' NATIONAL BANK *vs.* ABIJAH THOMPSON, 3d, & others.

Suffolk.   March 10. — Sept. 18, 1880.   ENDICOTT & SOULE, JJ., absent.

In an action against the indorser of a promissory note, payable at the plaintiff bank and discounted by another bank, it appeared that, when the note became due, the last-named bank charged it to the plaintiff bank and sent it through the clearing-house for payment; that the plaintiff's teller by mistake, thinking that the maker of the note was in funds at the plaintiff bank, stamped the word "paid" on the face of the note; that the mistake was soon discovered, and, before the close of banking hours on the same day, both the other bank and the indorser were notified of it, and the note was duly protested; and that a dispute between the two banks, as to whether the rules of the clearing-house had been complied with, was terminated by a payment of the amount of the note to the other bank by the plaintiff, without any waiver of its legal rights, and, at the trial, the other bank disclaimed all title or interest in the note. The judge, who tried the case without a jury, found that the note was stamped by mistake as paid; that this act did not amount to a payment of the note, and was not intended as such; that the money paid by the plaintiff to the other bank was not intended and did not operate as a payment of the note; and that the plaintiff had sufficient title and ownership of the note to enable it to bring this action. *Held*, that the defendant had no ground of exception. *Held, also,* that the defendant could not avail himself of the rules of the clearing-house, to which he was not a party, in defence of the action.

COLT, J.   This action is against the indorsers of a promissory note, which was made payable at the plaintiff bank, and which was discounted by the Faneuil Hall Bank.   When it became due, the last-named bank charged it to the plaintiff bank, and sent it through the clearing-house for payment.   The plaintiff's teller, by mistake, thinking that the makers were in funds at his bank, stamped the word " paid " on the face of the note.   The mistake was soon discovered, and, before the close of banking hours on the same day, both the other bank and the indorsers were notified of it, and the note was duly protested.

There was then a dispute between the banks, as to whether, under the rules of the clearing-house, the plaintiff was not bound to return the note, if not paid, by a given hour of the day in which it was due; and it was contended that, as the note was not so returned, it had become the property of the plaintiff.   This dispute was terminated by a payment to the Faneuil Hall Bank of the amount of the note, which was made by the plaintiff expressly without any waiver of its legal rights;

and, at the trial, the Faneuil Hall Bank disclaimed all title or interest in the note.

The case was tried without a jury, and the judge found that the note was stamped by mistake as paid; that this act of stamping, with the failure to return it, did not amount to payment of the note, and was not intended as such; and that the money paid by the plaintiff to the other bank was not intended and did not operate as a payment of the note. He also found that the plaintiff had sufficient title and ownership of the note to enable it to bring this action.

Two questions only are presented. The first is, whether the evidence would justify the judge in finding that the note was not paid; and next, whether it would justify him in finding that the plaintiff was entitled to bring this action.

As to the first, there is no pretence that the note has ever been paid by the makers or indorsers, and there is nothing in the rules of the clearing-house association, which the defendants, as indorsers of the note, can set up by way of forfeiture or estoppel to defeat the right of the holder to recover against them. The rules of the association are adopted solely for the purpose of facilitating exchanges among the banks. The defendants are not members or parties to its regulations, and, whatever effect is to be given to them as between the banks, the defendants are not in a situation to claim the benefit of them. *Overman* v. *Hoboken City Bank*, 1 Vroom, 61. There was no evidence that the defendants, as indorsers of the note, suffered any loss, or changed their situation, in respect to the makers of the note, by the mistake of the plaintiff. The note was regularly protested, and notice to the indorsers given. Their rights were in no way prejudiced. *Merchants' National Bank* v. *National Eagle Bank*, 101 Mass. 281. *Troy City Bank* v. *Grant*, Hill & Denio, 119. See also *Whiting* v. *City Bank*, 77 N. Y. 363. The finding of the court that the note is still an outstanding unpaid note was therefore clearly right.

Nor is there any doubt that the judge properly found and ruled that the plaintiff had sufficient title to maintain this action. The note was indorsed in blank, and passed by delivery. The plaintiff is in possession of it, and, even if the Faneuil Hall Bank is regarded as the real party in interest,

yet it is settled that an action may be maintained in the name of the holder of such a note who came into possession of it with the assent of the party in interest. *Beekman* v. *Wilson*, 9 Met. 434. *National Pemberton Bank* v. *Porter*, 125 Mass. 333. *Spofford* v. *Norton*, 126 Mass. 533. But the evidence here shows that the plaintiff has both the legal and beneficial interest as sole owner. No one else claims any interest in it. The transaction shows that it was intended by the Faneuil Hall Bank, on receiving the amount paid by the plaintiff, to leave the note in the hands of the latter as a valid existing security. *Troy City Bank* v. *Grant*, above cited. *Watervliet Bank* v. *White*, 1 Denio, 608.                              *Judgment on the verdict.*

*B. E. Perry & S. W. Creech, Jr.*, for the defendants.
*J. D. Ball*, for the plaintiff, was not called upon.