13L 504
4pi 380

J. P. IMBODEN *v.* C. T. PERRIE and WIFE.

ATTACHMENT. *Check. Priority.* J. D. I. was indebted by judgment to P. and to J. P. I. Having a fund in bank he gave a check, May 27, on the bank to J. P. I., on same day P. commenced attachment suit against J. D. I. and the attachment was levied by garnishing the bank before the check was presented. *Held,* that P. was entitled to the fund. A check is a mere request to pay the bearer or the order of the payee. Until presented and accepted it is inchoate and vests no title or interest in the payee to the fund.

FROM SULLIVAN.

Appeal in error from the Circuit Court of Sullivan county. N. HACKER, J.

N. M. TAYLOR for Imboden.

THOMAS CURTIN, A. H. BLANCHARD and BAILEY & McCROSKEY for Perrie.

TURNEY, J., delivered the opinion of the court.

J. D. Imboden is indebted to Mrs. Perrie by judgment in the sum of $1,000. He is also indebted to J. P. Imboden in the sum of $1,500. On May 27, 1882, J. D. had in the National Bank at Bristol about $1,000, and on that day transmitted by mail to J. P. Imboden the following check:

"No. 41.                              BRISTOL, TENNESSEE, May 27, 1882.
  Bank of Bristol—Pay to J. P. Imboden, or order, seven hundred and
fifty dollars ($750).                          J. D. IMBODEN."

On the same day Mrs. Perrie commenced an attachment suit against J. D. Imboden, and on June 1st the attachment was levied by garnishing the bank. J. P. Imboden presented his check on June 6th, and payment was refused because of the attachment. The case was tried in the circuit court without a jury and judgment rendered for Mrs. Perrie. J. P. Imboden has appealed.

The question presented is very much as said by Commissioner Kirkpatrick, "involved in conflict. Two wholly opposite views have been maintained by judges and text writers with so much bearing and force of reason, that to follow either is to satisfy the mind that the one pursued is right." We, however, differ in conclusion from the Referees, and think the sounder rule and weight of authority as well as reason, are with the holding of the trial judge. In *Attorney-General* v. *Continental Life Insurance Company,* 71 N. Y.,

325, Church, C. J., says: "*Lunt* v. *Bank of North America*, 49 Barb., 221, declares the rule accurately, that checks drawn in the ordinary form, not describing any particular fund or using any words of transfer of the whole or any part of any amount standing to the credit of the drawer, but containing only the usual request, are of the same legal effect as are inland bills of exchange, and do not amount to an assignment of the funds of the drawer in the bank." * *

"This doctrine accords with the relations between the parties. Banks are debtors to their customers for the amount of deposits. A check is a request of the customer to pay the whole or a portion of such indebtedness to the bearer or to the order of the payee. Until presented and accepted it is inchoate, it vests no title or interest, legal or equitable, in the payee to the fund. Before acceptance the drawer may withdraw his deposit; the bank owes no duty to the holder of a check until it is presented for payment."

"Knowledge that checks have been drawn does not render it obligatory upon the bank to retain the deposit to meet them. These rules are indispensable to the safe transaction of commercial business. Any other rule would produce confusion and involve banking institutions, and all depositories of moneys in responsibilities to conflicting claimants, which while producing great embarrassments, would serve no beneficial purpose."

In *Bank of The Republic* v. *Millard*, 10 Wallace, 157, Mr. Justice Davis said: "The right of the depositor as was said by an eminent judge, is a chose in action, and his check does not transfer the debt or

Payne v. Railroad Company.

give a lien upon it to a third person without the assent of the depository. This is a well established principle of law, and is sustained by the English and American decisions." To the same effect are *Cain* v. *National Security Bank*, 107 Mass., 45, and *Ætna National Bank* v. *Fourth National Bank of New York*, 46 N. Y., 82.

While we are referred to respectable authorities sustaining the opposite view of the question, we are of opinion the authorities cited are more in accord with public policy and the commercial welfare of the country, and adopt them as enunciating the right rule of law in this State.

The exceptions are sustained and judgment affirmed.