| 92 | 115 |
| 100 | 138 |

AUSTIN I. HARVEY

*vs.*

THE MAINE CONDENSED MILK COMPANY.

EDWARD R. LEACH *vs.* SAME.

JAMES H. FRENCH *vs.* SAME.

CARROLL H. FOLSOM *vs.* SAME.

Penobscot.     Opinion November 4, 1898.

*Action.   Covenant.   Assumpsit.   Equity.*

Upon a covenant of the defendant, made with another corporation " to pay all outstanding debts and liabilities " of the latter corporation, it is held that assumpsit will not lie against the defendant by creditors of the other corporation, whose debts·were outstanding at the time the covenant was made.

The beneficiaries' remedy is in equity.

Upon an agreement " to pay all outstanding debts," without names of creditors, without amounts of debts, without any designation or limit whatever, no action at law lies in favor of a beneficiary, as upon an implied promise.

*Baldwin* v. *Emery,* 89 Maine, 496, affirmed.

AGREED STATEMENT.

The case appears in the opinion.

*Charles J. Hutchings,* for plaintiffs.

Counsel cited: *Varney* v. *Bradford,* 86 Maine, p. 514; *Hinkley* v. *Fowler,* 15 Maine, 285; *Baldwin* v. *Emery,* 89 Maine, 498; *Huff* v. *Nickerson,* 27 Maine, 106; *Sawyer* v. *Lufkin,* 58 Maine, 429; *Locke* v. *Homer,* 131 Mass. 102; *Flint* v. *Land Company,* 89 Maine, 420.   In the last case the court say:   " Under this provision in the·deed, the West Shore Land Company became liable to the holder of the mortgage for the entire mortgage debt.   It was part of the purchase money and the promise to pay it was a promise to pay its own debt and not the debt of another within the statute of frauds.   The complainant not being a party to that deed,

he may have remedy in equity against the mortgagor and his grantee or implied assumpsit against either." The cases at bar come within the exception to the general rule that only a party to a sealed instrument can bring an action upon it, viz: that where in the sealed instrument there is no stipulation for payment or performance to the party to be benefited, or to some other person for his use, that if the promise to pay is merely a recital in the deed, or, more accurately stated, if from the recitals in the deed a promise to pay may be implied by law, then the obligee or the beneficiary may have his remedy in assumpsit. In this deed and in this contract there is no covenant on the part of the Maine Company running to the Aroostook Company to pay to them, or to them for the use of another, any sum of money. There is simply a recital in the deed that the said company, as a part of the consideration for the conveyance, shall pay all the outstanding debts and liabilities of the Aroostook Condensed Milk Company not secured by mortgage on its property.

The agreed statement leaves no doubt that these were valid debts against the Aroostook Condensed Milk Company at the time of the conveyance; that the Maine Condensed Milk Company has never at any time paid for the property received under this conveyance, in fact, that the transfer was merely a reorganization of the old company; and further, that the plaintiffs have never been indemnified by the Aroostook Condensed Milk Company or the Maine Condensed Milk Company or by anybody. In this instrument under seal there is no covenant either to pay or to perform to the obligee or to the beneficiary, and therefore assumpsit will lie in favor of either one of them as if the promise were shown by parol to be express instead of implied from the recitals in the deed. The language in the deed cannot be construed as a covenant because there is no promise to pay any one any sum of money. There is merely a recital that, as a part of the consideration for the transfer and conveyance, the Maine Condensed Milk Company will pay all outstanding debts of the Aroostook Condensed Milk Company not secured by mortgage on its property.

*James M. Sanborn*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

SAVAGE, J.   These four actions come up together, upon a statement of facts agreed upon, from which it appears that on the twentieth day of April, 1894, each of the plaintiffs was a creditor of the Aroostook Condensed Milk Company; that prior to that time the Aroostook Condensed Milk Company had become deeply involved; that after the plaintiffs had become creditors as above stated, a new corporation, composed in part of the stockholders of the old company and in part of other individuals, was incorporated under the name of the Maine Condensed Milk Company, and is the defendant in these cases; that the plan of the new company was to purchase the entire property of the old company, to pay the entire indebtedness of the old company, and have the affairs of the old company wound up; that on the twentieth day of April, 1894, the Aroostook Condensed Milk Company and this defendant entered into an agreement under seal for the sale by the former and the purchase by the latter of the entire property of the former, in which sealed agreement the defendant company covenanted in the following words: "Said Maine Condensed Milk Company hereby agrees to pay said Aroostook Condensed Milk Company for said property in the following manner: 1st. That said company will pay all outstanding debts and liabilities of the Aroostook Condensed Milk Company that are not secured by mortgage on its property." Other covenants follow which need not be stated. It further appears that on the same day and as a part of the same transaction, the Aroostook Condensed Milk Company gave to the defendant a warranty deed of all its property, and in the preamble to this deed is the following recital of a vote passed by the stockholders of the grantor company: "Voted, that the Aroostook Condensed Milk Company do sell its entire property including its factory or plant at Newport, Maine, and its factory or plant at Winthrop, Maine, and all fixtures, furnishings, stock on hand, rights and credits, and all accounts for goods sold and delivered and any other accounts that may be legally due said company:

notes, bonds and other choses in action; trademarks, copyrights, labels and good-will in business, to the Maine Condensed Milk Company of Waterville, Maine, to be paid for in the following manner: 1st. That said company shall pay all outstanding debts and liabilities of said Aroostook Condensed Milk Company that are not secured by mortgage on its property."

These plaintiffs have sued the defendant in assumpsit, upon their several claims against the old company. They are not parties to the contract and deed between the old company and the defendant, but they claim that as creditors of the old company they are beneficiaries of the contract, and as such are entitled to recover as upon a promise of the defendant, which may be implied from the recitals in the contract under seal executed by the defendant, and from like recitals in the deed poll accepted by the defendant. Can these actions be maintained?

The law in this state is well settled. It has been recently examined in *Baldwin* v. *Emery*, 89 Maine, 496, and so fully as to require no more than a brief recapitulation here. Said Mr. Justice HASKELL in *Baldwin* v. *Emery*: "Where one covenants with another by deed, under his own hand and seal, to pay him money for his own use or for the use of another, the obligee alone can sue upon the covenant, and the action must be covenant or debt and not assumpsit; and the beneficiary can have no action at law, but may have remedy in equity. But where the sealed instrument contains no covenant to pay or perform to the obligee or to the beneficiary, assumpsit will lie in favor of either one of them, as if the promise were shown by parol to be express, instead of implied from a statement of the respective rights of the parties in the deed." "If the recitals from which a promise to pay either the obligee or the beneficiary may be implied by law, either one may have assumpsit." "The acceptance of a deed poll by the grantee or obligee renders him liable to perform all acts therein required of him as effectually as if it were an indenture executed under his own hand and seal, but the remedy is assumpsit or debt, and not covenant." "Whether the language in a deed be a covenant or raises an implied promise depends wholly upon the terms expressed.

An agreement under seal to pay money or perform to A for his own use or for the use of B would be a covenant. An agreement to pay a given debt of A not to A would raise an implied promise to pay to A, or to the creditor of A, the subject of assumpsit. In short, a covenant, upon which debt or covenant broken can only be brought must be a particular obligation to pay or perform to a particular person, and if to a person other than the obligee, his remedy is in equity only, for our decisions say so."

Let us now apply these principles to the facts in these cases. If the contract and deed between the old corporation and the new one, contain no covenant on the part of the defendant to pay to the other contracting party, or to the creditors holding outstanding debts, then, so far as this question is concerned, a creditor may maintain assumpsit against the defendant. If the deed alone is to be considered, it may be well held that it contains no covenant on the part of the defendant to pay any one, but merely a recital of the considerations of the conveyance, among which was the agreement to pay outstanding debts, and so, that it falls within the rule of *Baldwin* v. *Emery*, already cited. But the deed cannot be considered alone. The deed and the contract are but parts of one transaction, and they must be considered together. Indeed, the contract alone contains the express obligations of the defendant, whatever they may be. In the contract we find the explicit agreement of the defendant to pay the Aroostook Condensed Milk Company for its property by paying all the outstanding debts of the latter corporation. To pay one's debts to his creditors, by agreement, is to pay to the debtor. Being in a contract under seal, the agreement is a covenant, and it is a covenant to pay the obligee, for such is the language. It constitutes an express obligation; hence there can be no implied promise.

This construction places these cases within the well settled rule that where there is a covenant to pay or perform to one for his own use or for the use of another, the covenantee only can sue at law, and the beneficiary's remedy is in equity. *Baldwin* v. *Emery*, supra.

But there is another objection which we think is fatal to the

maintenance of these actions, even if assumpsit could be maintained by a designated beneficiary under this contract.

The agreement of the defendant was "to pay all outstanding debts and liabilities," without names of creditors, without amounts of debts, without any designation or limit whatsoever. "It is a general rule of law," says Judge Gray, in *Carr* v. *National Security Bank*, 107 Mass. 45, "that upon a promise made by one person to another, for the benefit of a third from whom no consideration moves, the latter cannot sue; and the exception to this rule, which holds a person, in whose hands funds have been placed to pay creditors of the depositor, liable to actions by them, has not been extended, in this commonwealth or in England, to a case in which neither such creditors nor the amount of their debts are named or ascertained at the date of the promise."

In *Dow* v. *Clark*, 7 Gray, 198, where the defendant's promise was to pay all the debts of a railroad corporation, without any specification of the names or number of its creditors, or of the amount of their demands, the court held that a creditor of the corporation could not maintain an action against the defendant, for the reason that the creditor had not been specifically named in the agreement.

The reasons for limiting the right of action by third parties to those whose debts are specifically named appear to us to be sound. As said by the court in Massachusetts:—"If the plaintiff can maintain this action, so may every one of the other creditors of the corporation, whatever may be their number, maintain a like action; and the defendants may be held answerable to persons of whom they never heard. And they will be bound, in such actions, to litigate the question whether the party who sues them has a legal claim on the corporation." *Dow* v. *Clark*, supra. If a promise may be implied in favor of a creditor, we think, under the authorities, it may be implied only in favor of such a creditor as is named or whose debt is specified in the recitals from which the promise is implied. There is no implication which arises in favor of unnamed and unknown creditors. To hold otherwise would be to extend the

operation of the exception to the general rule beyond the limits imposed by authority and wisdom.

According to the stipulation in the report, therefore, the entry in each case must be,

*Plaintiff nonsuit.*