COMMONWEALTH *vs.* AUGUST BECK.
SAME *vs.* JOHN F. MURPHY.

Worcester.     October 4, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Intoxicating Liquors.*

R. L. c. 100, § 49, regulating the transportation of intoxicating liquor to a city or
town, in which licenses of the first five classes are not granted, by a railroad cor-
poration or a person or corporation conducting a general express business, does
not apply to or make illegal the transportation of intoxicating liquor to such
a city or town by a natural person who is not conducting a general express
business.

TWO COMPLAINTS, received and sworn to in the Police Court
of Fitchburg on June 6, 1904, charging that each defendant
"unlawfully did transport for hire and reward, for delivery in
said Fitchburg intoxicating liquor, said Fitchburg then being
a city where licenses of the first five classes to sell intoxicating
liquors, are not granted, and said [Beck and Murphy respec-
tively] not then and there regularly and lawfully conducting a
general express business."

On appeal to the Superior Court the cases were tried before
*Bell*, J.    Before the jury was impanelled each defendant moved
that the complaint against him be dismissed, for the reason that
it set forth no offence known to the laws of this Commonwealth.
The judge denied the motions and the cases proceeded to trial.
The jury in each case returned a verdict of guilty; and the de-
fendants alleged exceptions.

*D. I. Walsh, T. L. Walsh & J. E. Sullivan,* for the defendants.

*R. Hoar,* District Attorney, *& G. S. Taft,* Assistant District
Attorney, for the Commonwealth.

BRALEY, J.    No offence known to the common law is de-
scribed in these complaints, and if they can be sustained it must
be on the ground that they charge a misdemeanor under R. L.
c. 100, § 49.    This section in substance was originally St. 1897,
c. 271, § 1, which was before this court for construction in *Com-
monwealth* v. *Intoxicating Liquors,* 172 Mass. 311, when it was

said by Hammond, J., " The act was manifestly intended to meet some difficulties which had been encountered by the government in the prosecution of common carriers for illegal keeping of intoxicating liquors, and to make it more difficult for the guilty to escape detection when setting up the fraudulent defence that the liquors found in the possession of the carrier were for delivery by him as such to some person."

The general rule of criminal pleading, that it is sufficient to charge a statutory offence in the language of the statute, cannot be applied, for there is no allegation that each defendant as a common carrier, or as a person lawfully conducting a general express business, had violated the provisions of this section. *Commonwealth* v. *Ashton*, 125 Mass. 384, 385. The offence described is that each defendant " not then and there regularly and lawfully conducting a general express business " brought and delivered intoxicating liquor for hire or reward in a city where licenses of the first five classes to sell such liquors had not been granted, and by its very terms excludes therefrom those whom the statute was designed to reach and punish.

Nor are the cases covered by the exception to the rule, that where the language of the statute is so general as to include cases which come within its terms, though not within its spirit, the offence is to be gathered from the whole act according to the intention of the Legislature, for the attempt is made in these complaints to enlarge, not to restrict the use of language, and to make the alleged offence penal by implication. *Commonwealth* v. *Barrett*, 108 Mass. 302, 303.

When the duly licensed seller delivers to the railroad corporation, or to others regularly and lawfully conducting a general express business, intoxicating liquor for transportation into a city or town where licenses of the first five classes have not been granted, he is required to plainly and legibly mark the vessels or packages containing the liquor with his name and address, and of. the purchaser, or consignee, but there is no express language declaring that delivery by him of such liquor for transportation to persons other than those described shall be unlawful, or subject him to prosecution and punishment.

If the seller is free to deliver such liquors for carriage to persons other than to those named in the statute, no good reason is

shown why such persons are not equally free to transport them without the act of transportation being considered a crime.

To bring the defendants within the allegations of the complaints resort must be had to the argument that the crime described is to be gathered from the general purpose of the law as shown by R. L. c. 100, §§ 49, 50, even if there is no direct language used creating such an offence.

Laws in derogation of the liberty, or general rights, of the citizen, however, are to be strictly construed, and what before their passage was a legal and legitimate employment or calling, does not become generally illegal and criminal when, in the exercise of the police power, a statute is passed prohibiting the prosecution of such employment or calling unless conducted in a certain manner by those whom it designates, but contains no language which in the ordinary meaning of words makes it applicable to other persons. *Commonwealth* v. *Martin,* 17 Mass. 359, 362. *Commonwealth* v. *Sylvester,* 13 Allen, 247. *Commonwealth* v. *Worcester & Nashua Railroad,* 124 Mass. 561, 563.

It is to be presumed that if it had been intended to impose restrictions upon the transportation of intoxicating liquors in addition to those which now appear in our laws, such intention would have been shown in clear and explicit language. This has not been done, and the inference follows that it was not intended to make the act with which the defendants are charged a crime.

The motion to dismiss should have been granted in each case.

*Exceptions sustained.*