JAMES I. ELLIOTT *vs.* WORCESTER TRUST COMPANY.

Worcester. October 2, 1905. — December 1, 1905.

Present: KNOWLTON, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil. Bank. Contract. Bills and Notes.*

Generally the submission of a case upon agreed facts waives all questions of pleading, but this is not so where the facts are agreed to be used in the trial "so far as they are material and competent under the pleadings."

Where a banking corporation has taken over the property and assets and assumed the liabilities of another bank and stamps on the deposit book of a depositor in the other bank a statement that it holds the balance standing to his credit on this account upon the same terms that it was held by the other bank, if later the banking corporation pays and charges to the depositor a note of the depositor made payable at the other bank and which the depositor had given notice to the

other bank not to pay, it is liable to the depositor for the amount of the unauthorized payment.

When a bank opens an account with a depositor the implied authority of the bank to pay the depositor's checks drawn on the account and notes made by him payable at its banking rooms does not include an authority to pay a note made by the depositor long before opening the account and payable at another bank whose liabilities the bank opening the account has assumed.

In an action by a depositor in a bank against the bank for the amount of a note of the plaintiff alleged to have been paid by the defendant without authority, where the answer is a general denial and a plea of payment, and the defendant has filed no claim in set-off, if it appears that the note was presented by its holder for payment at maturity and that the defendant assumed to pay it as the plaintiff's agent, and received it as a paid note for delivery to the plaintiff, the defendant cannot contend that it has the rights of a *bona fide* purchaser for value before maturity and that it is a holder in due course within the meaning of R. L. c. 73, § 69, the rights of the defendant under its plea of payment depending upon the question whether it had authority from the plaintiff to make the payment.

A depositor in a bank may maintain an action against the bank for paying without authority a note made by him and charging the amount to his account, without first returning the note, which the bank after paying it sent to him with his cancelled checks, especially if before the conclusion of the trial he voluntarily offers to return the note and the defendant does not appear to have been injured by his failure to return it before bringing the action.

KNOWLTON, C. J.    The defendant, as a banking corporation, held money belonging to the plaintiff as a depositor. It paid a note of $157.12, made by the plaintiff, and afterward refused to pay the amount to the plaintiff, or to account for it, otherwise than by claiming credit for it as properly paid to the holder. This note was one of four, given for the same sum by the plaintiff to one Adams. After giving it, the plaintiff compromised with his creditors by the payment of a percentage of his indebtedness, which he gave to Adams upon these notes. He received from Adams, in return, a release under seal of all claims and demands. These notes were payable at the City National Bank in Worcester, and the plaintiff notified the cashier of that bank, after the settlement, not to pay any of his notes that might be presented, without first notifying him. Three of these notes were afterward presented for payment at the bank, and payment was refused. Before the fourth became due, the defendant "took over the property and assets and assumed the liabilities including that of the plaintiff, of the City National Bank, which at that time went into liquidation." The accounts of the City National Bank were transferred to the defendant, including a deposit of $201.10 belonging to the plaintiff, and the following

statement was stamped in the plaintiff's deposit book, bearing date February 21, 1903 : " The balance of two hundred and one and $\frac{10}{100}$ dollars standing to the credit of this account has this day been transferred to the Worcester Safe Deposit and Trust Company to be held by it as a deposit, upon the same terms as it was held by the City National Bank. Checks drawn upon the City National Bank and not yet-presented will be honored by the Worcester Safe Deposit and Trust Company to the extent of said balance.   S. H. Clary, Treasurer."   On the 24th day of February, 1903, the plaintiff made a deposit of $1,470.44 with the defendant, on this account, and on the same day drew a check for $125.   On February 27, the defendant paid for the plaintiff two checks of $100 each. Other checks were drawn and other deposits were made, from time to time, before April of the same year.   In April the fourth note of Adams was presented for payment at the defendant's banking room, through the clearing house, from the Quinsigamond National Bank, and was paid.   At the end of the month the note was returned to the plaintiff, with his paid and cancelled checks.   The officers of the defendant had not been informed of the notice from the plaintiff to the City National Bank not to pay his outstanding notes, although the cashier and bookkeeper of that bank, who had received the notice, were employed by the defendant in subordinate positions.

The case was heard in the Superior Court upon an agreed statement of facts, the substance of which is given above.   This was the form of the agreement : " The following are agreed to be all the facts and may be used in the trial of- the case of Elliott *v.* Worcester Trust Company, so far as they are material and competent under the pleadings."   Generally the submission of a case upon agreed facts waives all questions of pleading. *Brettun* v. *Fox*, 100 Mass. 234.   But by this agreement the parties have limited themselves to a consideration of only such matters as are pertinent under the pleadings.   See *Esty* v. *Currier*, 98 Mass. 500, 502 ; *Commonwealth* v. *Worcester & Nashua Railroad*, 124 Mass. 561.   Treating the defendant's argument on this point as open to it, we are of opinion that the declaration is broad enough to justify the different claims that the plaintiff makes.   The first count is for money had and received

to the plaintiff's use, with a bill of particulars specifying the receipt by the defendant from the City National Bank of the sum claimed. The third is a special count setting out the transaction between the defendant and the bank, and the agreement with the plaintiff in regard to the deposit. The second is also a special count, averring that the plaintiff delivered, or caused to be delivered, to the defendant, the sum alleged to be held by the defendant for his use, to be paid upon his order on demand, etc. This count is broad enough to cover a deposit made with the defendant by the plaintiff personally, and the averment of time as on or about February 21, 1903, does not preclude the plaintiff from relying upon a deposit made on February 24. We think this count should be construed as general in its application, as the third is limited to the money transferred by the City National Bank. The sum claimed in each count is the same, namely, the balance that the defendant refused to pay over, because of its payment on the note. Of course there was no deposit of this precise sum, either by the transfer from the City National Bank, or by the plaintiff personally, but this sum was included in a larger deposit.

If we consider the case in reference to the deposit transferred to the defendant from the City National Bank, we find that the defendant succeeded to the rights of that bank and acquired no additional rights. In taking over the deposit, it took it with the same obligations to the plaintiff that its predecessor was under, one of which was not to pay out this money or any part of it on his old notes, without obtaining authority from him. The statement stamped in the deposit book recognized the same obligation. The money was "to be held by it as a deposit, upon the same terms as it was held by the City National Bank." Under this contract, the defendant had no right to pay this note. It was bound to know the terms under which the deposit was held by its predecessor.

If we look at the relations of the parties in regard to deposits subsequently made, we reach the same result. There was an implied understanding that the defendant should pay the plaintiff's checks drawn on the account, and notes made by him payable at its banking rooms. *Carr* v. *National Security Bank*, 107 Mass. 45, 48. But this would not include notes made long

before, payable at another bank. R. L. c. 73, § 104. As to such notes, if they were presented for payment at the defendant's banking house, it had no authority to do anything as the plaintiff's agent. In either view the payment of this note was unauthorized, and it constitutes no defence to the plaintiff's claim.

It is contended that the defendant has the rights of a *bona fide* purchaser for value before maturity, and that it is a holder in due course, within the meaning of R. L. c. 73, §§ 69–76. · But no such contention is open under the pleadings. The answer is a general denial and a plea of payment. The defendant has not filed a claim in set-off, nor made any averment of ownership of the note. At maturity the note was presented by the holder for payment, the defendant assumed to pay it as the plaintiff's agent, and in that capacity received it as a paid note for delivery to its principal, the maker. The rights of the defendant in this action, under its plea of payment of the money deposited, depend upon the question whether it had authority from the plaintiff to make this payment. This case is quite unlike *Manufacturers' National Bank* v. *Thompson*, 129 Mass. 438, which was an action brought upon a promissory note indorsed in blank by the holder of it.

Nor can the defendant prevail upon its defence that the plaintiff did not return the note before bringing the suit. The note was voluntarily put into his possession, with cancelled checks, as a paper which had ceased to be of value. The delivery was not made in the execution of a contract in reference to the note, or as a part of any transaction to which the plaintiff was a party, and with which the note was connected. It was not necessary for the plaintiff to rescind the contract, or to do anything to change the existing legal relations between the parties, before demanding his money and suing to recover it. If the defendant had demanded the note of the plaintiff and he had refused to deliver it before bringing his suit, a different question would have been presented. But even then, if the collection of the note was made by the Quinsigamond National Bank as the agent of Adams, and not as owner — and there is nothing to show the contrary — it is at least doubtful whether it would have been the plaintiff's duty to return it. However that may

be, before the trial of the case was concluded he voluntarily offered to return it. The defendant does not appear to have been injured by the plaintiff's failure to make the offer before bringing the suit. In the nature of the transactions and the relations of the parties, the case differs materially from *Northampton National Bank* v. *Smith*, 169 Mass. 281.

*Judgment for the plaintiff affirmed.*

*R. B. Dodge & W. J. Taft*, for the plaintiff.
*H. F. Harris, F. B. Smith & T. H. Gage, Jr.*, for the defendant.