### DEVINE v DETROIT TRUST CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided March 4, 1935

Clark & Robinson, Cincinnati, for plaintiff in error.

Leo Weinberger, Cincinnati, for defendant in error.

## OPINION

### By MATTHEWS, J.

The first contention is, that the attachment was defective for the reason set forth in the motion to discharge it. At the outset, it should be observed that there is no proof in the record of the law of Michigan. As the law of another state is a matter of fact in the courts of this state of which we do not take judicial knowledge (**L. & N. Ry. Co. v Green, 113 Oh St, 546; 17 Ohio Jur. 50**) we cannot assume that such law is different from the law of this state. (**Mendelson v Mendelson, 123 Oh St, 11; 17 Ohio Jur. 115**).

We must assume that every principle of comity is observed by that state, and should not withhold from the plaintiff any remedy the law affords upon any theory of retaliation. The plaintiff having invoked the remedy afforded by the law of the forum

and performed all the conditions precedent, we know of no principle upon which the remedy could be denied.

We should at this point refer to the plaintiff's contention that this court had no jurisdiction to review the order of the trial court on the motion to discharge the attachment, for the reason that as to that order these proceedings were not instituted within the time required by law. That such an order is a final order affecting a substantial right was decided by this court in Price Hill Colliery Co. v Old Ben Coal Corp., 38 Oh Ap 151 (9 Abs 308). Upon the expiration of the term at which it was entered the plenary power of the trial court over it came to an end. It could only be vacated or reversed in the manner and time prescribed by statute.

The petition in error in this case was not filed until more than seventy days after the order refusing to discharge the attachment. It was, therefore, filed too late to confer jurisdiction upon the court to reverse the order had error intervened, which, however, we do not find. The petition in error was filed within seventy days of the final judgment on default, and, therefore, confers jurisdiction to review the action of the court in that respect.

It is urged that the court erred in admitting the deposition in evidence. It should be noted here that this deposition was used at the hearing on the default, to prove that the plaintiff had a meritorious cause. If the defendant desired to contest the merits she should have filed an answer placing the allegations of the petition in issue. She was in default and thereby had confessed the allegations to be true. §11592, GC.

What proof, if any, other than the confession of the defendant the court would require in this situation in this sort of case rested in the discretion of the court. Dallas v Ferneau, 25 Oh St, 635. It is a general rule that affidavits may be used upon a motion, and if there was any defect in the manner of serving the notice to take the deposition that would exclude it as a deposition it would still be the affidavit of the witnesses available for all purposes for which the law permits affidavits to be used. As it rested in the discretion of the court to require, or not, evidence on the default, the defendant has no basis for complaint that the court exercised its discretion by permitting proof by affidavits.

We are of the opinion that notice for the taking of the deposition was properly served. The only requirements of the law, (§§11534 and 11535, GC), are that the notice shall be in writing specifying the time and place,

and that it shall be served so as to allow the adverse party sufficient time to prepare and be present. The law contemplates that the notice will be served not by an officer but by the party. It is not done in pursuance of any order of the court. It is not an attempt of the court to exercise extra-territorial jurisdiction. If any coercive measures are resorted to they must be those of the jurisdiction in which the deposition is taken, applied by the officers and tribunals thereof.

The method authorized by §11536, GC, of notice by publication is permissive by its terms and we can think of no valid reason for construing it as mandatory so as to require constructive implied notice to a nonresident defendant in lieu of actual notice.

Next, it is contended that this judgment should be reversed for the reason that the court did not require the plaintiff to give security for costs. By §11614, GC, a nonresident of the county is required to give security for costs. This requirement is primarily for the protection of the public and is not jurisdictional. If the defendant desired security for her own protection in the event she should be successful in defeating the plaintiff's claim, she should have moved the court to that end. She did not do that. The only reference to the subject was a statement by her counsel at the close of the trial that no security had been given. This was not in proper form to invoke action by the court, it came too late and at a time when the court had announced its decision on the merits for the plaintiff. It certainly is too late to ask security when the court has already decided that the defendant should pay the costs. Security is against the contingency that the plaintiff's claim is without merit and because thereof there would be no one within the jurisdiction to whom to look for payment; and perhaps no property. After it is made to appear that the defendant or her property within the jurisdiction is liable, there is supplied that which was missing at the beginning. Certainly a defaulting defendant against whose property the costs have been properly charged is in no position to complain that the plaintiff was not required to give security for costs.

Next, it is contended that the court abused its discretion in refusing to allow the defendant to file an answer. The record shows that at no time did the defendant tender an answer with the request for leave to file. The court gave defendant every opportunity to present any defense she might have even without the filing of an answer. She did not avail herself of that

opportunity, the extension of which can only be characterized as a liberal attitude toward giving the defendant her day in court, rather than an abuse of discretion preventing her from presenting any defense she had. Under the circumstances we think the court exercised a sound discretion in refusing to grant time to answer after the evidence on the default and the decision announced.

Finally, it is urged that the court should, of its own motion, have refused to grant relief to the plaintiff because it was a receiver appointed by the court in another state, and for that reason had no capacity to sue in this state. Unless there is presented some conflicting local interest, the courts of one state as a matter of comity will permit a receiver appointed by a court of another state to sue. **34 Ohio Jur., 1100.** This is the general rule. In 23 R.C.L., at p. 142 it is said:

"In the state courts, however, the privilege of suing in jurisdictions other than that of their appointment is almost universally conceded to receivers now, as a matter of comity or courtesy, unless such a suit is inimical to the interest of local creditors, or to the interest of those who have acquired rights under a local statute, or unless such a suit is in contravention of the policy of the forum."

The Federal rule to the contrary is not followed in the state courts. Id.

A receiver appointed with authority to collect from stockholders their statutory liability to creditors has sufficient right and title to the chose to maintain an action thereon in any jurisdiction as a matter of right and not merely as a mater of comity. In the case of Bullock, Receiver v Oliver, 155 Ga., 151, 29 A.L.R. 1484, the Supreme Court of Georgia considered the question of the right of a receiver of a bank appointed by a Florida court to maintain an action to collect the statutory liability of stockholders. The Florida statute is substantially the same as the Michigan statute pleaded in this case. Both statutes expressly provide that the receiver may enforce the liability. The court held that the receiver had the right to sue in Georgia, and, at p. 1487 of the 29th A.L.R. report said:

"When the statute expressly confers upon the receiver title, the chancery receiver can sue in the courts of the jurisdiction in which he is appointed and also in the courts of foreign jurisdiction. No one questions

this doctrine. 23 R.C.L. 141, §150. This principle likewise applies where, by necessary implication, a chancery or statutory receiver is vested by statute with title, or is made the representative of creditors; he being considered, under such circumstances, substantially an assignee."

For these reasons, the judgment of the trial court is affirmed.

ROSS, PJ, and HAMILTON, J, concur.