KISSNER, APPELLEE, *v.* OHIO BUREAU OF CREDITS, INC., APPELLANT.

(No. 3409—Decided May 26, 1942.)

*Mr. W. B. Cockrell,* for appellee.
*Mr. W. B. McLeskey,* for appellant.

BY THE COURT. This matter is before the court upon a motion by the defendant to require the plaintiff to make an additional deposit as security for costs. The plaintiff is a resident of Delaware county, and brought an action against the defendant in Franklin county, seeking judgment of the court in reference to the ·disposition of certain rents derived from real estate lo-. cated in Delaware county. The plaintiff deposited with the clerk of the Common Pleas Court $25 as security under the provision of the statute. Section 11615, General Code, provides that the plaintiff may deposit with the clerk of the court such sum of money as security for costs in the case as in the opinion of the clerk shall be sufficient for the purpose. The plaintiff recovered judgment in the court below, and the defendant appealed. The necessity for additional costs arises out of the action of the defendant in this court

and the services giving rise to the necessity have already been performed. Although the original deposit for costs was made in the Court of Common Pleas, yet on a proper showing the plaintiff may be required to give additional costs. *Sterwerf* v. *Smith*, 73 Ohio St., 62, 75 N. E., 944. See, also, *Devine* v. *Detroit Trust Co., Receiver*, 52 Ohio App., 446, at page 452, 3 N. E. (2d), 1001.

"A nonresident plaintiff in error may be required to give security for costs." *Ebert* v. *Ebert, Exr.*, 14 Ohio Law Abs., 714. (Opinion by this court.)

"Security for costs can be exacted in the Court of Appeals in an error proceeding, notwithstanding the case has gone to judgment in the trial court without requiring such security." *American Caster Co.* v. *American Laundry Machinery Co.*, 13 Ohio Law Abs., 64.

The fact that the case is before us on an appeal by the defendant in the court below, does not deprive this court of the right to require the plaintiff to give additional security for costs if the same is justified.

However, when we consider that the plaintiff secured judgment against the defendant in the court below and that the appeal is taken by the defendant to this court, and that the defendant has incurred the costs since judgment was rendered against it in the court below, we are not inclined to require the plaintiff to give any additional security. The purpose of security is well stated in *Devine* v. *Detroit Trust Co., Recr., supra*, and it does not occur to us that any of the reasons thereof obtain to the extent that we should order additional costs.

*Motion overruled.*

GEIGER, P. J., BARNES and HORNBECK, JJ., concur.