THE STATE, TO USE OF WILLIAM W. HAYDEN, Respondent, v. IRWIN Z. SMITH *et al.*, Appellants.

1. Where the vendor of goods remains in possession, the burden of proof is upon the vendee to rebut the presumption of fraud, and to show that the sale was made in good faith and for a valuable consideration; and in the absence of such proof, the possession is conclusive evidence of fraud.
2. The supreme court will not reverse a judgment for the refusal of an instruction which may have been unexceptionable in other respects, if in the instructions given the law is correctly stated to the jury.
3. Where suit is brought for the wrongful taking or detention of goods, the value of the goods at the time of caption, with the interest thereon up to the time of trial, is the measure of damages; and it was erroneous to instruct the jury, that the value of the goods in the *retail* market, with interest, was the measure of damages.

*Appeal from St. Louis Circuit Court.*

*Knox, Smith & Sedgwick,* for appellants.

The third instruction for plaintiff was erroneous in declaring the measure of damages to be the value in the retail

market. (Sedg. on Dam. 530; Gardner v. Field, 1 Gray, Mass. 151; Porter v. Curry, 7 La. 233.)

*Decker & Voorhis*, for respondent.

It is not error to refuse instructions that are only a repetition of others that are given. (8 Mo. 339; 13 Mo. 82, 465; 17 Mo. 310; 18 Mo. 93.)

The law as to the statute of frauds was correctly declared in the instructions given by the court.

BAY, Judge, delivered the opinion of the court.

On the 14th of May, 1858, J. W. Norcross & Co. obtained judgment before a justice of the peace of St. Louis county against Henry Hudson, and on the same day caused execution to be issued thereon, which on the 20th of the same month was levied by direction of the plaintiffs in execution on certain goods in store No. 100 on Market street, in the city of St. Louis. The goods were claimed by Hayden, who notified the constable thereof; whereupon the defendants— Smith as principal, and Sedgwick and Shepley as securities— executed an indemnification bond agreeably to the provisions of "An act concerning the duties of sheriff and marshal in the county of St. Louis," approved March 3d, 1855.

The suit was brought upon this bond, plaintiff claiming the property by virtue of an alleged sale from Hudson, as evidenced by a bill of sale executed by Hudson to Hayden bearing date March 3d, 1858, and embracing the property in question. The defendants in their answer deny that Hayden was the owner of the property at the time of the levy, and charge that said property belonged in fact to Hudson, the defendant in said execution; that said bill of sale was made with an intent to hinder, delay and defraud the creditors of Hudson, which fraudulent intent was known to plaintiff and participated in by him; that no consideration was given therefor, and that after the execution of the bill of sale Hudson continued in possession of the goods and store, doing business as formerly. Upon the trial of the cause, a large

amount of testimony was given, all pointing, however, to the question of fraud involved in the case, among which was a deed of trust read in evidence by the defendants, which deed bears date November 12, 1857, and was executed by Hudson to Hayden, trustee, to secure the payment of a promissory note for $1,000, executed by Hudson and made payable to the order of Hayden. The deed conveys the goods in said store, and we have been particular in thus noticing it because it is made the basis of one or two instructions asked by defendants and refused by the court. We do not deem it important to advert to all the instructions given and refused, but simply to such as bear directly upon the issue. Several instructions asked by defendant were properly refused, because they were substantially given in others. The practice of giving numerous instructions, all enunciating the same principle, but in a different form, only tends to confuse the jury; and this court will not reverse a judgment because of the refusal to give an instruction which has been substantially given in another form, although the instruction may be otherwise unexceptionable.

The tenth section of our statute relating to fraudulent conveyances is as follows: "Every sale made by a vendor of goods and chattels, in his possession or under his control, unless the same be accompanied by a delivery in a reasonable time (regard being had to the situation of the property), and be followed by an actual and continued change of the possession of the things sold, shall be presumed to be fraudulent and void as against the creditors of the vendor or subsequent purchaser in good faith, and shall be conclusive evidence of fraud unless it shall be made to appear to the jury, on the part of the person claiming under such sale, that the same was made in good faith, and without any intent to defraud creditors or subsequent purchasers." It will be observed from the reading of this section, that continued possession in the vendor does not of itself render the sale void, but only becomes conclusive evidence of fraud in the absence of testimony to satisfy the jury that the same was made in

State, to use of Hayden, v. Smith.

good faith, and without any intent to defraud creditors or subsequent purchasers: in other words, if the party attacking the validity of the sale shows possession in the vendor, the statute presumes that the transaction is fraudulent, and the burden of proving the contrary is placed upon the vendor or party seeking to maintain the sale; and if he fails to satisfy the jury that it was a fair and *bona fide* transaction, and made in good faith and without an intent to defraud, then the statute makes the possession in the vendor conclusive evidence of fraud.

Upon the part of the plaintiff, the court gave the following instructions:

"The jury are instructed that to render a bill of sale void as to creditors, the sale must have been made by virtue of confederation and combination between the seller and buyer to hinder and delay or defraud the creditors of the seller; and if the jury believe from the evidence that no such combination or confederation existed between said Hudson and Hayden, but that Hayden purchased the said property for an adequate valuable consideration with the view only of securing his own claim against said Hudson, then said bill of sale is good against any creditors of said Hudson, and plaintiff is entitled to recover in this suit.

"The jury are instructed that to render a bill of sale void as to creditors, the sale must have been made by virtue of combination and confederation between the seller and buyer to hinder, defraud or delay the creditors of the seller, and with knowledge on the part of the buyer of such intent on the part of the seller; and if the jury believe from the evidence that no such combination and confederation existed between said Hudson and Hayden, but that Hayden purchased the said property for an adequate valuable consideration with the view only of securing his own claim against said Hudson, and without any knowledge on the part of Hayden of any fraudulent intent that may have been conceived by said Hudson, then said bill of sale is good against any creditors of said Hudson, and plaintiff is entitled to recover in this suit."

It is contended by the appellants that the above instructions are erroneous because they failed to inform the jury of the legal effect of continuous possession in Hudson after the sale, but in looking over the instructions given by the court at the instance of the defendants we find the following :

" Continued possession of personal property after a sale by the vendor is presumptive evidence of fraud, and it is conclusive evidence unless the vendee shows that the sale was made in good faith."

" If the jury believe from the evidence that the said bill of sale read in evidence from Hudson to Hayden was made with intent to hinder, delay or defraud his creditors, and that Hayden at the time he accepted said bill of sale knew of Hudson's intent, then they will find a verdict for the defendants, notwithstanding they should further find that Hudson was indebted to Hayden to the full amount of the stock of goods."

These instructions, together with those given at the instance of the plaintiff, we think, presented the law of the case fairly to the jury, and gave the defendants the full benefit of the presumption of fraud arising from continued possession of the property in Hudson, the vendor.

The defendants asked the court to give the following instruction :

"If the jury believe from the evidence that either the deed of trust, dated November, 1857, from Henry Hudson to W. W. Hayden, trustee, and used in evidence on the trial in this cause ; or the bill of sale, dated March 3d, 1858, from Hudson to Hayden, was made by said Hudson with the intent to hinder or delay his creditors, and that said Hayden had knowledge of such intent, then the jury will find for the defendants."

The court very properly refused to give this instruction, for it assumed as a legal proposition, that if the deed of trust was fraudulent the bill of sale was necessarily so. The plaintiff claims under this bill of sale, executed four months after the deed of trust ; and we do not see what connection the

deed has with the bill of sale, except as a link in the chain of testimony tending to show the character of the sale. Even if the deed of trust was tinctured with fraud, or was fraudulent on its face as a conveyance for the benefit of the grantor, it does not necessarily follow that the bill of sale was also fraudulent.

We see, therefore, no error in the refusal of the court to give said instruction; but the judgment must be reversed and cause remanded for error in instructing the jury, that if they find for the plaintiff, the measure of damages was the value of the goods levied upon at the time of the levy in the retail market thereof, with six per cent. interest for the amount of the suit. The only inference which the jury must have drawn from this instruction was, that, if they found for the plaintiff, the measure of damages was the retail price at which such goods usually sold in the St. Louis market. Such is not the measure of damages in a case of this kind, and we have been unable to find any case that approximates it, and presume the counsel for respondent labored under the same difficulty, as he has cited none in his brief.

Sedgwick, in his work on the Measure of Damages, p. 529 and following, says: " The object in this class of cases is to limit relief to compensation; and when trespass is brought for personal property, and no circumstances of aggravation are shown, the action is to be regarded as one of trover, and the value of the property with interest furnishes the measure of damages."

In Pacific Insurance Co. v. Conrad, 1 Bald. 138, Justice Baldwin, in his charge to the jury, said: " The value of the property taken, with interest from the time of the taking down to the trial, is generally considered as the extent of the damages sustained; and this is deemed legal compensation which refers solely to the injury done to the property taken, and not to any collateral or consequential damages resulting to the owner by the trespass; these are taken into consideration only in a case more or less aggravated. But where the party taking the property of another by legal process acts

in the fair pursuit of his supposed legal right, the only reparation he is bound to make to the party who turns out to be ultimately injured, is to place him as to the property in the same situation in which he was before the trespass was committed." (See 1 Pet. 386 ; 4 Pet. 291.)

In Brannin v. Johnson, 1 Maine, 361, and Gray v. Stevens, 28 Verm. 2, the true measure of damages was held to be the value of the property at the time of the taking. In Walker v. Borland, 21 Mo. 289, which was a seizure and sale, under an execution against one James Walker, of a horse and some cattle belonging to the plaintiff, the court below refused to give an instruction asked for by defendant, to the effect that the measure of damages was the value of the property at the time of the seizure by the sheriff, with interest to the trial, and this court reversed the judgment by reason of such refusal. Judge Leonard, in delivering the opinion of the court, said, "the jury must be confined to the value of the property when the trespass was committed, upon which they might allow interest." We might quote numerous other cases tending to the same result, but the question is too well settled to require authority.

The value of the property is a question of fact for the jury to determine. In insurance cases, a very common rule is to take the invoice price of the goods and add ten per cent. to cover contingencies, which is supposed to be sufficient to replace the goods. The jury must be left to exercise their own judgment with regard to the value; but the instruction in this case deprived them of any discretion in the matter, and required them to adopt the retail price. This is not only erroneous but manifestly unjust; for the merchant, in fixing the retail price, takes into consideration not only the first cost of the goods, but store rent, clerk hire, insurance, and probable amount of bad debts, and adds to all this a percentage for profit. Such a rule is unknown to the law, and, we think, without a precedent.

The other judges concurring, the judgment will be reversed and the cause remanded.