STATE, TO USE OF CHARLES BOSWELL, Appellant, *v.* ISAAC RO-SENFELD, Jr., *et al.*, Respondents.

1. *Fraudulent Conveyances.*—That the vendor of personal property is permitted to remain in possession does not make the sale void, but becomes conclusive evidence of fraud in the absence of proof to satisfy the jury that the sale was made in good faith, and without any intent to defraud creditors or subsequent purchasers.
2. *Evidence.*—A witness cannot be permitted to state what he knows only from the account books of a party. The books themselves are the best evidence of their contents.

*Appeal from St. Louis Circuit Court.*

*Knox & Smith,* for appellant.

The plaintiff contends, that the court erred in excluding so much of the testimony of the witness Frisbee as was derived from White's books.

The plaintiff further contends, that the court erred in excluding so much of the testimony of the witness Brimmer as was derived from the books of Boswell. Brimmer had been for years the book-keeper of Boswell, and continued to be so up to the 26th day of March, 1859. From his connection with Boswell himself, he must have been familiar with the transactions of White and Boswell and entered them in the books, and yet his mouth is shut by the court.

Upon the ruling of the court, the books of the merchants showing the whole of their dealings through a series of years, both agreeing as to the state of the accounts between the parties, are excluded, and the jury are left to presume fraud, when none exists in fact or in law.

The first instruction given is erroneous. Under the pleadings in this case the only question was that of ownership. The plaintiff was only required to prove a purchase of the property in question, to make out his case. If the property were sold to him, he became the owner. (2 R. C. 1855, p. 1232, § 12.)

The instructions were calculated to mislead the jury as to what constitutes a delivery and change of possession of property. There were 183,000 feet of lumber, worth $1,125, measured off and marked with the name of the purchaser. The lumber was separated from the other lumber in the yard, and the delivery and change of possession were complete. There was no conflict of testimony. As a matter of law, plaintiff contends that there was a complete sale and delivery of the lumber in question. As to what constitutes delivery, see Pars. on Contr., 442-3.

If the defendants relied on the want of change of possession, they should have pleaded the fact.

*C. D. Drake*, for respondents.

I. The court below properly ruled out the evidence of the contents of the books of White and those of Boswell. The books should have been produced. Their contents could be no evidence as against third parties.

II. The only point involved in the merits of the case, is the same as that decided in Kuykendall v. McDonald, 15 Mo. 416; and in State, to use of Hayden, v. Smith, 31 Mo. 566.

BAY, Judge, delivered the opinion of the court.

It is sought to reverse the judgment in this case upon two grounds: 1. That the court erred in the instructions given to the jury; and, 2. That the court erred in excluding so much of the testimony of Frederick Frisbee as was based upon information derived from the books of White.

In the case of the State, to use of Hayden, v. Smith, 31

Mo. 566, we held "that under our statute relating to fraud- ulent conveyances, continued possession in the vendor does not of itself render the sale void, but only becomes conclu- sive evidence of fraud in the absence of testimony to satisfy the jury that the same was made in good faith, and without any intent to defraud creditors or subsequent purchasers; in other words, if the party attacking the validity of the sale shows possession in the vendor, the statute presumes that the transaction is fraudulent, and the burden of proving the contrary is placed upon the vendor, or party seeking to maintain the sale; and if he fails to satisfy the jury that it was a fair and *bona fide* transaction, and made in good faith and without any intent to defraud, then the statute makes the possession in the vendor conclusive evidence of fraud."

This was also the ruling of the court in Kuykendall to the use, &c., v. McDonald, 15 Mo. 416. Judge Scott, who de- livered the opinion of the court, said (referring to the ques- tion of fraud), "In determining this question, the jury should not be satisfied with the mere absence of direct evi- dence of a fraudulent intent in connection with proof of a valuable consideration; they should be satisfied that there was some good and sufficient reason for leaving the property in the possession of the vendor."

The instructions given by the court below, in this case under consideration, conform to the views expressed in the above recited cases, and are therefore unobjectionable.

We are also of the opinion that the second point is not well taken. The witness was called upon to testify to the state of accounts between the parties, and he said he had no knowledge thereof except such as he derived from entries in the books of White. The court very properly refused to permit him to give evidence of such entries. The books were the best evidence of what they contained. It was not attempted to account for their absence, nor was any found- ation laid for the introduction of secondary evidence.

Judge Dryden concurring, the judgment of the court be- low is affirmed.