*Northern District*

No. 4759

## LEO BONGIORNO
v.
## HAROLD RIDLON

(April 13, 1955)

*Gadsby, P. J.* This is an action of tort for the conversion of personal property belonging to the plaintiff. The plaintiff's declaration alleges that the defendant converted to his own use the following property:

Two (2) sleeping bags and tent to the value of $90.00; one (1) fly rod reel line and fishing equipment to the value of $50.00; one (1) pair of Ike Williams Trout Boots to the value of $10.00; one (1) Thermos Picnic Jug to the value of $4.98; one (1) pair of hunting boots to the value of $10.00; one-half (½) interest in the outboard motorboat to the value of $40.00.

The defendant's answer consists of a general denial.

Counsel for both parties have filed a voluminous number of requests for rulings of law. It would seem to serve no useful purpose in discussing in detail

all these requests and the action of the trial judge thereon. It is sufficient for the purpose of this case to deal briefly with certain requests filed by the defendant and the action of the trial judge thereon, which would seem to be sufficient to warrant the case being sent back for a new trial.

At the trial the plaintiff was permitted to testify as to his opinion of the *value* of the articles not at the time of any alleged conversion, but at the time of their purchase and also their value at the time of the trial. The defendant properly saved his rights by objection to this evidence and by claiming a report of its admission. In an action for conversion, the true rule as to the measure of damages is a market value of the property at the time and place of the conversion. *G. E. Lothrop Theatres v. Edison El. Co.,* 290 Mass. 189, 194. *Glapsy v. Cabot,* 135 Mass. 435, 439.

The case is therefore remanded to the District Court for a new trial which limited it to the question of damages.

M. Frank Bodner, for the plaintiff.

Samuel Leader, for the defendant.