Shopteese, J.
After a hearing on November 19, 2014 at the Appellate Division of the Boston Municipal Court (“BMC”), as supplemented by Plaintiff/Appellanfs Brief in Support of Expedited Appeal (“Plaintiff’s Brief’), this Court finds in favor of the Plaintiff/Appellant and hereby VACATES the District Court’s Order Allowing the Defendants Motion to Dismiss, REVERSES the Judgment of Dismissal against Plaintiffs Complaint and REMANDS this case to the District Court for further proceedings.
FACTS 8b PROCEDURAL HISTORY
On May 2, 2009, Maureen Fulford (“Ms. Fulford”), the Massachusetts Bay Transportation Authority (“MBTA”), and Maijorie Williams (“Ms. Williams”), an employee of the MBTA, were involved in a motor vehicle accident. Ms. Fulford has alleged that while she was sitting in a truck stopped on the side of Summer St. near South Station in Boston, Massachusetts, Ms. Williams, operating a bus owned by the *154 MBTA, negligently collided with Ms. Fulford’s truck, thereby injuring Ms. Fulford’s back.
On November 1, 2009, six months after the collision, amendments to the Massachusetts Tort Claim Act (“MTCA”), Mass. Gen. L. c. 258, and the MBTA enabling statute went into effect, thereby defining the MBTA as a “public employer” under the Act. That statute states that “the superior court shall have jurisdiction of all civil actions brought against a public employer.” Mass. Gen. L. c. 258, section 3 (emphasis added).
In addition, employees of “public employers” are immune from suit for negligence while acting within the scope of their employment. “No public employee of a public employer shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment.” Mass. Gen. L. c. 258, section 2.
On March 22, 2011, Ms. Fulford filed a tort complaint in the Central Division of the BMC against the MBTA and Ms. Williams seeking recovery of her damages suffered as a result of the accident. On December 12,2013, the MBTA filed a motion to dismiss the Complaint, arguing that the 2009 amendments applied retroactively and that because the MBTA was a “public employer,” only the Superior Court, and not the BMC, had subject matter jurisdiction over Ms. Fulford’s Complaint The MBTA also argued that because Ms. Williams was an employee of a “public employer,” she was not liable for any negligence pursuant to Mass. Gen. L. c. 128, section 2.
On January 10,2014, the motion judge allowed the Defendants motion to dismiss for lack of subject matter jurisdiction, stating in the margin, “After a full hearing with both parties present, the court Allows plaintiffs [sic] motion to dismiss,” citing Smith v. MBTA, 462 Mass. 370 (2012). On January 14,2014, judgment entered for the Defendants. The Plaintiff appeals the BMC’s Order and Judgment.
RULINGS OF LAW
A. Standard of Review
The MBTA’s Motion to Dismiss, filed more than two years after the Complaint had been filed, was not untimely. “Subject matter jurisdiction cannot be conferred by consent, conduct or waiver.” Harker v. Holyoke, 390 Mass. 555, 559 (1983), quoting Litton Business Sys. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981). It may be raised at any stage of the proceedings. Jones v. Jones, 297 Mass. 198, 202 (1937).
Appellate review of the allowance of a motion to dismiss a complaint is de novo. Harhen v. Brown, 431 Mass. 838, 845 (2000). The reviewing court must accept as true the allegations in the complaint and draw every reasonable inference in favor of the plaintiff. Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). “[A] motion under Mass. R. Civ. P. 12(b) (1) ... that is unsupported by affidavit presents a ‘facial attack’ based solely on the allegations of the complaint, taken as true for purposes of resolving the complaint.” Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 709-710 (2004), quoting Hiles v. Episcopal Diocese of Mass., 437 Mass. 505, 516 n.13 (2002), citing Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995).
B. Review of Allowance of Motion to Dismiss
The Plaintiffs Complaint was erroneously dismissed. See Smith v. Massachusetts Bay Transportation Authority, 462 Mass. 370 (2012) (2009 amendments to the Massachusetts Tort Claim Act and the MBTA’s enabling statute do not apply retroac- *155 lively to a claim that had accrued prior to the amendments. Plaintiff was not precluded from recovering interest and costs otherwise barred from recovery by the MTCA).
“Under the common law of torts, at the time of an accident, an injured party accrues a right, albeit an inchoate one, ‘to be made whole and compensated for’ injuries wrongfully inflicted by a tortfeasor.” Smith v. MBTA, supra at 375, quoting G.E. Lothrop Theatres Co. v. Edison Elec. Illuminating Co., 290 Mass. 189, 194 (1935). “However, such compensation is rarely immediately forthcoming.” Id.
Here, Ms. Fulford argues that her claim accrued before pursuant to the 2009 amendments the MBTA became a public employer. In reliance on Smith v. MBTA, supra, therefore, the BMC had subject matter jurisdiction over her claim because the amendments to the MTCA were not retroactive. The Defendant argues that a complaint is a procedural device and therefore the Complaint was (improperly) filed in the BMC after the MBTA became a public employer.
In light of the Supreme Judicial Court’s discussion in Smith v. MBTA, supra, the Defendant’s argument fails. “[T]he distinction between legislation concerning ‘substantive rights,’ and legislation concerning ‘only procedures and remedies’” is easy to enunciate, but often “difficult to draw.” Smith v. MBTA, supra at 374, quoting Fleet Nat’l Bank v. Commissioner of Revenue, 448 Mass. 441 (2007), quoting City Council of Waltham v. Vinciullo, 364 Mass. 624, 626-627 (1974). “Those statutes we have determined to be merely procedural have fallen broadly into two categories. The first relates to statutes regulating the rules of ‘practice, procedure or evidence.’ The second encompasses ‘remedial’ statutes changing the procedure for the enforcement of a preexisting right, or adding to the available means of civil enforcement.” Id. (citations omitted). “What such statutes have in common is that they do not ‘in reality materially affect[] substantive rights previously acquired.’” Id., quoting Wynn v. Assessors of Boston, 281 Mass. 245, 249 (1932).
This Court finds that the Plaintiffs claim accrued (and substantive rights were acquired and vested) when the incident occurred on May 2, 2009. The cause of action accrued before the effective date of the MTCA amendments. The Plaintiff is not barred from presenting the claim in the BMC. Subject matter properly lies with the BMC.
CONCLUSION
Wherefore, this Court hereby VACATES the District Court’s Order Allowing the Defendants’ Motion to Dismiss, REVERSES the Judgment of Dismissal against Plaintiffs Complaint and REMANDS this case to the Central Division of the BMC for further proceedings and findings not inconsistent with this decision.
So ordered.